IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-CV-000124-RLV
(5:06-CR-00041-RLV-DCK-14)

| | |
|---|---|
| JUAN LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Respondent's Motion for Summary Judgment as to the claims raised by Petitioner in his Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Respondent's motion will be granted and Petitioner's Section 2255 motion will be denied and dismissed.

## I. FACTUAL BACKGROUND

On July 26, 2006, Petitioner and thirteen others were named in a 35-count indictment by the grand jury for the Western District. Count 1 charged Petitioner and others with possession with intent to distribute methamphetamine, and possession with intent to distribute cocaine and cocaine base, all in violation of 21 U.S.C. § 841(a)(1). The indictment alleged that the amount of a mixture and substance containing methamphetamine was in excess of 500 grams; the amount of methamphetamine was at least 50 grams; and the amount of cocaine was at least 5 kilograms, all in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A). Petitioner and others were charged in another count which alleged a separate act of possession of 50 grams of

1

methamphetamine with intent to distribute, and aiding and abetting others, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 18 U.S.C. § 2 (Count 20). (5:06-CR-00041, Doc. No. 1: Indictment).

Following the return of his indictment, Petitioner was arrested and made his initial appearance before the magistrate judge on August 18, 2006, and attorney Brent O'Conner made a limited appearance on behalf of Petitioner. During this hearing, the court explained the elements of Counts 1 and 20 to Petitioner, including the drug quantities alleged and the maximum penalties Petitioner faced if convicted. On August 24, 2006, Mr. O'Conner moved to terminate his limited appearance citing the lack of Petitioner's funds to retain him. This motion was allowed and attorney Marcos Roberts was appointed for Petitioner on August 29, 2006. (Doc. No. 71).

On August 30, Petitioner appeared with Mr. Roberts for a bond hearing. The charges against Petitioner were explained by the Government and the court denied bond after noting the filing of a detainer against Petitioner by the Immigration and Naturalization Services ("INS"). The denial of bond was made without prejudice to Petitioner's ability to renew the motion. (Doc. No. 74).

On September 27, 2006, attorney Christopher Johnson's motion to appear as counsel <u>pro hac vice</u> was allowed, and Mr. Roberts representation was terminated. (Doc. No. 130). On November 9, 2006, Mr. Johnson filed a motion for reconsideration of the detention order. (Doc. No. 155). On December 5, 2006, attorney Samuel Long entered a notice of appearance on behalf of Petitioner. (Doc. No. 174). The next day, the court denied bond because of the ongoing INS detainer. (Doc. Entry, Dec. 6, 2006).

On August 31, 2007, Mr. Long filed a motion to continue Petitioner's trial and a motion to withdraw citing the dissolution of his former employer, California Defense Associates. The court allowed the motions. (Doc. Nos. 254 & 255). On September 7, 2007, Mr. Johnson's representation was terminated and Petitioner's trial counsel, George Young, was added as counsel on October 24, 2007. (Doc. No. 268).

Petitioner elected to plead not guilty and proceeded to trial on March 4, 2008. Petitioner was tried before a jury and convicted on Counts 1 and 20 on March 6th, and his case was referred to the U.S. Probation Office for preparation of a presentence report ("PSR"). Following completion of the PSR, the same was served on defense counsel who later filed objections contending, among other things, that (1) Petitioner's offense conduct was grossly overstated in the report; (2) that Petitioner deserved an adjustment to his offense level based his mitigated role in the conspiracy; and (3) that Petitioner was merely an aider and abetter and he therefore should qualify for a downward departure. (Doc. No. 383: PSR at 23-24).

On November 3, 2008, Petitioner appeared with counsel for his sentencing hearing. The Court inquired whether Petitioner had sufficient opportunity to review the contents of the PSR with his attorney and he indicated that he had reviewed the PSR that very morning, but that he did not believe that was sufficient time to review the report. Petitioner's counsel responded that he had visited Petitioner in jail with an interpreter and reviewed the contents of the report and the objections that he filed thereto. The Court then adjourned the sentencing hearing to allow Petitioner and counsel additional time to review the PSR. Following this recess, counsel and Petitioner returned for sentencing and Petitioner indicated that he had no further objections he wished to raise regarding the PSR. (Doc. No. 408: Sentencing Tr. at 3-6).

Petitioner's counsel noted for the Court that he had conferred with the Government, and based on these discussions, he only wished to pursue his third written objection to the PSR which was to a proposed two-level enhancement for the possession of a weapon during a drug transaction. The Government agreed not to proceed with securing this two-level enhancement and Petitioner agreed to withdraw his remaining objections to the PSR. (Id. at 8). The Court then reviewed the written objections with Petitioner in an effort to determine whether he was knowingly waiving these challenges. (Id. at 9-11). The Court then found that with the withdrawal of these objections, Petitioner had a criminal history category I, and a total offense level of 36, which resulted in a Guidelines range of 188-235 months' imprisonment for conviction on Counts 1 and 20. (Id. at 12-13).

The Court sentenced Petitioner to 200-months' imprisonment on each count with such terms to be served concurrently. (Doc. No. 398: Judgment in a Criminal Case). Petitioner noted a timely appeal to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit dismissed the appeal on the motion of Petitioner's appellate counsel. United States v. Lopez, No. 08-5131 (4th Cir. Feb. 17, 2010). Petitioner's Section 2255 motion timely followed the dismissal of his appeal.

## II.  STANDARD OF REVIEW

A.  Section 2255 Proceedings

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

The Court has considered the record in this matter and applicable authority and concludes

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

B.  Summary Judgment

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### III.  DISCUSSION

In his § 2255 motion, Petitioner raises five claims of ineffective assistance of counsel which will be addressed in three grounds for relief below. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297(citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

    A.    **Ground One: Counsel was ineffective for failing to maintain sufficient contact with him prior to trial, and for failing to discuss a possible plea agreement**

Petitioner contends that his trial counsel, Mr. Young, failed to properly prepare for his trial and, in fact, that Petitioner would not have elected to go trial, but instead would have preferred the possible resolution of the charges through a plea agreement with the Government. Petitioner further complains that counsel did not explain the Sentencing Guidelines to him, particularly a reduction in offense level for acceptance of responsibility. Petitioner states that he met with counsel on November 23, 2007, while in jail, and did not personally meet with him again until the trial began in March 2008. (5:10-CV-00124, Doc. No. 1 at 3)

The Government obtained an affidavit from Mr. Young. In this affidavit, Mr. Young refutes Petitioner's claims regarding his desire to pursue a plea agreement explaining that Petitioner became angry, maintained his demand for a trial, and accused counsel of failing to

focus on the defense to the charges. Mr. Young further refutes Petitioner's contentions regarding insufficient contact prior to trial. (5:10-cv-00124, Doc. No. 7-1).

The Court would note that Petitioner, who is represented by counsel in this habeas proceeding, did not file a reply to the Government's response nor did counsel address the evidence contained in the affidavit of Mr. Young. Instead, it appears that habeas counsel would instead rely on the unsworn statements of Petitioner in which he alleges broadside, but scarcely supported allegations of ineffective assistance of counsel.[1] Notwithstanding the apparent oversight in execution of Petitioner's verification; the Court finds that Petitioner's arguments are conclusory and without merit.

Petitioner's allegations are at odds with each other and with the record in this matter. First, the sworn evidence presented by the Government is that there was considerable preparation in the lead-up to Petitioner's trial, and Petitioner has offered no additional evidence to rebut this. Second, the undersigned presided over Petitioner's trial and finds that Mr. Young presented a reasonable defense in an effort to overcome what was a considerable presentation of evidence by the Government regarding Petitioner's guilt. Last, the Court notes that Petitioner's contention that he was desperately seeking a plea agreement is belied by the statements of his counsel, Mr. Johnson, in the motion for reconsideration of detention.

In this motion, Petitioner, through his attorney, states that he "is confident that when he has had a full opportunity to bring forth all critical information and evidence, the charges against him will be dismissed or that he will be exonerated by a jury of his peers. Mr. Lopez fervently

---

[1] The Court notes that Petitioner has included an electronic signature on a page entitled "Verification." However, this verification appears that it should have been sworn to before a notary public, but the section that would be attested to by the notary is fully blank. (Doc. No. 1 at 10).

wants his 'day in court' to prove his innocence and enable his family, friends, and community to see him vindicated of the charges brought against him." (5:06-CR-00041, Doc. No. 155 at 3). Further, Petitioner communicates an offer to the court that states that his parents will post real property "as security to ensure his presence at trial." (Id.). In addition, Petitioner's counsel provides detail in support of his plans for pretrial release, namely, that pretrial release would enable him to meet with counsel to assist in the preparation of his defense. (Id. at 5).

In sum, the Court finds that Petitioner has failed to carry his burden of proving deficient performance under Strickland. And assuming arguendo that he has met that burden, there is no indication in the record before the Court that Petitioner could have been prejudiced when it appears clear that he wanted to vigorously contest the charges and in so doing, he opened the door to a considerable presentation of evidence that Petitioner did not care to contest on appeal.

B.   Ground Two: Failure to maintain sufficient contact in preparation for trial

This claim for relief largely mirrors his first claim. It also exposes the contrasting positions taken by Petitioner in this collateral proceeding. In one breath he argues that his counsel failed to prepare for a vigorous defense while at the same time contending that Petitioner did not wish to proceed to trial; rather, he wanted a plea agreement to resolve his case. To the extent these contentions allege lack of preparation, presentation of plea options or resulting prejudice, this claim is denied for the reasons stated in response to Ground One.

Petitioner's contention that his counsel did not discuss the substance of the charges against him must be denied. Assuming this is true, Petitioner would surely fail to meet his obligation to demonstrate prejudice under Strickland. As discussed herein, Petitioner was arraigned on August 18, 2006, and was present with defense counsel. A review of the FTR

recording of the hearing demonstrates that the magistrate judge carefully reviewed the elements of each of the counts pending against Petitioner, including the maximum penalties if convicted. In reviewing the FTR recording of his bond hearing, the Court notes that the Government also reviews the pending charges. Based on this record, there is no evidence to suggest that Petitioner did not understand what charges he was facing from his first day in court which was some seventeen months before Petitioner faced trial. This argument is denied.

Last, Petitioner challenges Mr. Young's decision not to present the testimony of certain witnesses. There is no question that counsel has a "duty to make reasonable investigations," however, the "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Wiggins v. Simth, 539 U.S. 510, 521 (2003) (citing Strickland, 466 U.S. at 690-91). Here, Petitioner fails to carry his burden. It is clear from Mr. Young's affidavit that he investigated the witnesses presented by Petitioner and concluded that they would be of no use. It is notable that Petitioner did not seek to challenge the evidence presented against him at trial before the Fourth Circuit and a review of that evidence now, which is binding on this Court, demonstrates that Petitioner has failed to proffer how his suggested witnesses could have been useful to his defense. Counsel appears to have made a reasonable investigation into these witnesses and his decision not to call them does not demonstrate entitlement to relief under Strickland. This argument will be denied.

C.   Ground Three: Trial counsel failed to properly prepare for sentencing

This argument is conclusory and will be denied. Petitioner contends that he had no contact with his attorney following his jury trial until one hour before his sentencing hearing.

(5:10-CV-00124, Doc. No. 1 at 6). Petitioner does not, however, explain how he was prejudiced by this alleged lack of contact.

A review of Mr. Young's affidavit, and more importantly, Petitioner's statements during sentencing, show that Petitioner had thoroughly reviewed his PSR prior to being sentenced and that he understood its contents and knowingly waived all of the objections filed by his counsel save the two-level weapons' enhancement. And on this objection, Petitioner's counsel secured an agreement from the Government that this enhancement would be abandoned. Petitioner concedes that his counsel had contact with his family and that Petitioner met with the probation officer after being found guilty. Petitioner has failed to alert this Court to deficient performance in preparation for his sentencing hearing, let alone prejudice and this claim will be overruled.

### IV. CONCLUSION

For the reasons stated herein, the Court finds that the claims in Petitioner's Section 2255 motion are without merit and the Court will, therefore, grant Respondent's motion for summary judgment.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED** (Doc. No. 8); and
2. Petitioner's § 2255 Motion is **DENIED** and **DISMISSED**. (Doc. 1).

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing

Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Further, the Court finds that Petitioner has failed to demonstrate that the dispositive procedural rulings are debatable. See Slack, supra. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

    **IT IS SO ORDERED**.

Signed: August 27, 2013

Richard L. Voorhees
United States District Judge